IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL J. CROSS,                                    Case No. 6:26-cv-01001-MC

        Plaintiff,                                 OPINION AND ORDER

    v.

PHH MORTGAGE CORPORATION, now
known as ONITY MORTGAGE
CORPORATION; NATIONS DIRECT
MORTGAGE, LLC; and PREMIUM TITLE
AGENCY, INC. d.b.a. PTS FORECLOSURE
SERVICES,

        Defendants.

_____

MCSHANE, Judge:

Plaintiff Michael J. Cross brings an Emergency Motion for Temporary Restraining Order and Preliminary Injunction regarding an impending foreclosure sale of his property. Mot., ECF No. 3. Because Plaintiff has not established a likelihood of success on the merits or that he faces irreparable harm, the Motion (ECF No. 3) is DENIED.

**BACKGROUND**

This action was originally filed in the Marion County Circuit Court on or about April 21, 2026. This case concerns the property at 7580 3rd Street SE, Turner, Oregon 97392 (the "Property"). Pl.'s Decl. ¶ 1, ECF No. 4. The Property is Plaintiff's primary residence. *Id.* Plaintiff obtained a VA-guaranteed mortgage loan on the Property on August 5, 2021, which was

1 – OPINION AND ORDER

originated by Defendant Nations Direct Mortgage and was serviced by Defendant PHH Mortgage. *Id.* ¶ 2. In 2025, PHH Mortgage initiated the process to perform a nonjudicial foreclosure sale of the Property. At the time Plaintiff commenced this action, a foreclosure sale was scheduled for May 29, 2026. *Id.* ¶ 6. Defendants subsequently communicated to Plaintiff that the sale would be postponed until July 6, 2026. *Id.* at p.11. Thereafter, the Court ordered that the status quo be preserved with no sale of the Property taking place until July 6, 2026, or until further order of the Court. ECF No. 5.

## LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The primary purpose of a preliminary injunction is to preserve the status quo pending a determination of the action on its merits. *City & County of San Francisco v. U.S. Citizenship & Immigr. Servs.*, 944 F.3d 773, 789 (9th Cir. 2019). To obtain preliminary injunctive relief a party must demonstrate (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20). The moving party bears the burden of persuasion and must make a clear showing that she is entitled to such relief. *Winter*, 555 U.S. at 22. The standard for issuing a temporary restraining order ("TRO") mirrors the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).

## DISCUSSION

Plaintiff has not sufficiently established a likelihood of success on the merits or that he

2 – OPINION AND ORDER

will suffer irreparable harm. Because Plaintiff fails to make the required showing on these threshold issues, the Court declines to address the remaining *Winter* factors. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023); *SolarEdge Techs. Inc. v. Enphase Energy, Inc.*, 2017 WL 3453378, at *6 (N.D. Cal. Aug. 11, 2017) (citing *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–33 (9th Cir. 2011)).

I.      **Likelihood of Success on the Merits**

Plaintiff primarily points to Or. Rev. Stat. § 86.736 in support of his request to enjoin the foreclosure sale. Mot. 5. Or. Rev. Stat. § 86.736(1)(b) provides that a "Certificate of Compliance" expires one year from its issuance. In this case, a Certificate of Compliance was issued on May 27, 2025 and was recorded on May 30, 2025. Pl.'s Decl. at p.9–10, ECF No. 4. Plaintiff argues the original timing of the foreclosure sale on May 29, 2026 rendered the sale invalid because it post-dated the one-year expiration of the Certificate of Compliance. Mot. 5. However, Oregon law does not require that a nonjudicial foreclosure sale take place before an associated Certificate of Compliance expires. First, § 86.736(1)(b) itself makes no mention of the timing of a foreclosure sale. And a related statute, Or. Rev. Stat. § 86.752(4)(a), provides, "[a] trustee may not foreclose a trust deed by advertisement and sale . . . unless . . . (4) [t]he beneficiary has filed for recording in the official records of the county or counties in which the property that is subject to the residential trust deed is located: (a) A certificate of compliance that a service provider issued to the beneficiary under [§] 86.736 that is *valid and unexpired at the time the notice of default* is recorded[.]" § 86.752(4)(a) (emphasis added). Accordingly, while a valid and unexpired Certificate of Compliance is required at the time of recording a notice of default prior to proceeding with a nonjudicial foreclosure sale, Oregon law does not include a similar requirement regarding the timing of the ensuing sale. Here, a Notice of Sale was issued to Plaintiff on December 31, 2025

3 – OPINION AND ORDER

(Compl. ¶ 35), indicating a notice of default was timely recorded prior to the expiration of the Certificate of Compliance. *See* Or. Rev. Stat. § 86.764. Plaintiff has therefore not established a violation of Oregon law in connection with the foreclosure sale.[1]

Plaintiff's remaining "independent grounds" lack the factual support necessary to adequately establish likelihood of success on the merits. Mot. 6–7; *see K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088–89 (9th Cir. 1972).

## II.    Irreparable Harm

Plaintiff does not face irreparable harm. Courts have recognized the irreparable harm requirement can be the "most important" factor for obtaining preliminary injunctive relief. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (quoting *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233–34 (2d Cir. 1999)); *see also* 11A *Wright & Miller's Fed. Prac. & Proc.* § 2948.1 (3d ed.) ("The single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief."). Defendants have indicated in multiple filings and communications with the Court that the nonjudicial foreclosure sale of the Property is cancelled. ECF No. 6, ECF No. 7, ECF No. 11. Accordingly, there is currently no threatened harm that would alter the status quo and impair the Court's ability to grant an effective remedy to Plaintiff on his claims.

---

[1] Plaintiff cites a case "Stevens v. Paulson, 254 Or App 111 (2012)" for the proposition that "Oregon's nonjudicial foreclosure statute requires strict - not substantial - compliance with each mandatory condition" (Mot. 5), but this case does not exist. The volume and page number corresponds to page 111 of *State v. Barajas*, 254 Or. App. 106 (2012). Attorneys and self-represented parties alike have an obligation to "confirm the existence and validity of[] the legal authorities on which they rely, . . . . [and] [f]ailing to satisfy these duties and instead attempting to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Fleck v. Del-One Fed. Credit Union*, 2026 WL 867599, at *7 (D. Or. Mar. 30, 2026) (internal citation and quotation marks omitted) (cleaned up) (quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024)); Fed. R. Civ. P. 11(b)(2).

4 – OPINION AND ORDER

**CONCLUSION**

Because the critical factors for preliminary injunctive relief of likelihood of success on the merits and the risk of irreparable harm do not weigh in favor of granting Plaintiff preliminary injunctive relief, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is DENIED. Having ruled on Plaintiff's Motion, the Court VACATES its May 28, 2026 Order (ECF No. 5).

The Court DENIES Defendants' Motion to Cancel Hearing as Moot (ECF No. 6). The Court GRANTS Defendants' request to extend the deadline to respond to Plaintiff's Complaint (ECF No. 6); Defendants' response to the operative pleading shall be due 21 days from the date of this Order.

IT IS SO ORDERED.

DATED this 29th day of June 2026.

_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge
